NOT RECOMMENDED FOR PUBLICATION
File Name: 06a0246n.06
Filed: April 7, 2006

No. 05-3347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MORRIS ZUCKER,

      Plaintiff-Appellee,

v.

AFTER SIX, INC.,

      Defendant-Appellant.

On Appeal from the United
States District Court for the
Southern District of Ohio

                                     /

BEFORE:    RYAN, CLAY, and GILMAN, Circuit Judges.

      RYAN, Circuit Judge.      The defendant, After Six, Inc., appeals the district court's order denying its motion to stay this diversity wrongful termination action pending arbitration and therefore permitting the proceedings to move forward. We are satisfied that the parties' dispute is not governed by the arbitration provision of their expired independent sales representative agreement, and therefore, we will **AFFIRM**.

**I.**

      In 1981, the plaintiff, Morris Zucker, began working as a sales representative for Superior Pant Company and continued in that capacity when the company became After Six, in about 1984. In 1997, Zucker and After Six entered into a written independent sales representative agreement, which, by its terms, was effective from August 1, 1997, to August 1, 1998. Under the agreement, Zucker was free to sell clothing products for other

manufacturers, provided those products were not sold in competition with After Six's products.

Zucker alleges that, in 1998, after the written agreement expired, After Six required him to represent its clothing line exclusively and terminate the employment of the sub-agent who had worked for him, with After Six's approval, since 1985. Zucker did as he was asked.

In 2001, Zucker and After Six entered into a second written independent sales representative agreement. It was identical to the 1997 agreement, except that the dates were changed to make it effective from March 1, 2001, to March 1, 2002. Zucker alleges that he continued to act as an exclusive agent for After Six during the term of that agreement and after it expired. On April 15, 2004, After Six announced that it was restructuring its sales force and terminated Zucker as a sales representative.

Zucker then filed this diversity action against After Six, alleging that the company breached its duty of good faith and fair dealing when it terminated him without cause; that After Six exercised such control over his work that he was an employee and not an independent contractor, but he was not paid the benefits to which he was entitled as an employee; and that After Six refused to pay commissions on some of the sales he had generated up to the time of his termination. After Six filed a motion to stay the lawsuit pending arbitration of the parties' dispute, as required by the arbitration provision contained in the two written independent sales representative agreements. After Six argued that the expiration of those agreements did not preclude arbitration of the dispute because Zucker's claims rest on facts that allegedly occurred before the agreements expired. The district court was unpersuaded and declined to grant the motion for a stay.

**II.**

We review <u>de novo</u> the district court's determination of the arbitrability of a dispute. <u>M & C Corp. v. Erwin Behr GmbH & Co.</u>, 143 F.3d 1033, 1037 (6th Cir. 1998). The <u>de novo</u> standard of review also applies to questions of contract interpretation. <u>Inland Bulk Transfer Co. v. Cummins Engine Co.</u>, 332 F.3d 1007, 1014 (6th Cir. 2003).

We find, and the parties seem to agree, that the arbitration provision of their expired written independent sales representative agreements falls under the coverage of the Federal Arbitration Act (FAA) because those agreements involved interstate commerce. The FAA codifies the "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983).

Section 2, the main substantive provision of the FAA, provides that a written arbitration agreement "in any maritime transaction or a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The text of § 2 "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate," <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 25 n.32, but it also provides that courts may apply state law to invalidate an arbitration agreement "<u>if</u> that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally," <u>Perry v. Thomas</u>, 482 U.S. 483, 492 n.9 (1987).

The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay,

or a like defense to arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25. "[A]rbitration should not be denied unless it may be said with positive assurance that the clause does not cover the dispute." Georgia Power Co. v. Cimarron Coal Corp., 526 F.2d 101, 106 (6th Cir. 1975) (internal quotation marks and citation omitted).

**III.**

The central question on appeal is whether the parties' dispute falls under the valid arbitration provision contained in the independent sales representative agreement that expired in 2002, two years before Zucker was terminated. This is a question regarding the scope of the arbitration agreement, and such questions are governed by federal law under the FAA. See Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25.

It seems clear that the parties' dispute arose in 2004 when After Six terminated its employment relationship with Zucker. After Six argues that Zucker should be compelled to arbitrate the dispute under the arbitration provision of their expired 2001-2002 independent sales representative agreement, which provides:

10.   Arbitration

    (a)    Any controversy or dispute which arises in connection with the validity, construction, application, enforcement or breach of this Agreement which is not settled shall be submitted to final and binding arbitration pursuant to the commercial arbitration rules of the American Arbitration Association.

Zucker does not question the validity of the arbitration provision or the 2001-2002 agreement as a whole. Rather, he questions whether "there is a valid and enforceable arbitration agreement applicable to this matter" because the independent sales representative agreement expired two years before the dispute arose. (Emphasis added.)

After Six claims the dispute is arbitrable despite the expiration of the independent sales representative agreement because our holding in South Central Power Co. v. International Brotherhood of Electrical Workers, 186 F.3d 733 (6th Cir. 1999), is applicable to all contracts, not just collective bargaining agreements. In South Central, we applied Supreme Court precedent establishing a presumption that disputes arising after the expiration of a collective bargaining agreement are arbitrable when they arise under the contact, and held that "a dispute 'arises under the contract' when a majority of the material facts and occurrences arose before the expiration of the collective bargaining agreement." Id. at 740. After Six argues that all the material facts needed to prove Zucker's claims occurred before the expiration of the 2001-2002 agreement when After Six allegedly required him to represent its clothing line exclusively in 1998.

## IV.

The district court offered three reasons for its holding that Zucker was not required to arbitrate the dispute. First, it found that our holding in South Central is applicable only to collective bargaining agreements. Second, it determined that this case does not involve actions that occurred prior to the expiration of the 2001-2002 agreement because the only grievance at issue is Zucker's termination in 2004. Third, the court stated that After Six cannot defend itself by denying any agreement between the parties and then insist that an expired agreement should be applied to its benefit.

Although we disagree with some of the district court's reasoning, we agree with its decision to deny After Six's motion to stay the action pending arbitration because we can say with "positive assurance" that the parties' dispute does not fall under the arbitration

provision of their 2001-2002 independent sales representative agreement.  See Georgia

Power Co., 526 F.2d at 106.

In South Central, we interpreted the Supreme Court's holding in Litton Financial

Printing Division v. NLRB, 501 U.S. 190 (1991).  In Litton, the Supreme Court reiterated its

holding in Nolde Bros. v. Local No. 358, Bakery & Confectionery Workers Union, 430 U.S.

243, 255 (1977), that there is a presumption in favor of arbitration when a dispute arises

under an expired collective bargaining agreement unless that presumption is "'negated

expressly or by clear implication.'"  Litton, 501 U.S. at 204 (quoting Nolde Bros., 430 U.S.

at 255).  The Court also held:

> A postexpiration grievance can be said to arise under the contract only where
> it involves facts and occurrences that arose before expiration, where an
> action taken after expiration infringes a right that accrued or vested under the
> agreement, or where, under normal principles of contract interpretation, the
> disputed contractual right survives expiration of the remainder of the
> agreement.

Id. at 205-06.  In South Central, we held that, under Litton, a dispute "arises under the

contract" not when "any" facts and circumstances relating to the dispute arose before the

expiration of the collective bargaining agreement, but rather, "when a majority of the

material facts and occurrences arose before the expiration of the collective bargaining

agreement."  South Central, 186 F.3d at 740.

Although Litton, Nolde Bros., and South Central all involved collective bargaining

agreements, their holdings are based upon principles applicable to arbitration agreements

generally, and their application need not be limited to the collective bargaining context.  As

the Supreme Court explained in Nolde Bros., arbitration is a creature of contract, and a

party may not be compelled to arbitrate any dispute he has not agreed to arbitrate, but

adherence to these principles does not lead to the conclusion that the expiration of a contract automatically extinguishes the duty to arbitrate disputes arising under that contract.  Nolde Bros., 430 U.S. at 250-51.  If the duty to arbitrate automatically terminated upon expiration of the contract, a party could avoid his contractual duty to arbitrate by simply waiting until the day after the contract expired to bring an action regarding a dispute that arose while the contract was in effect.  See id. at 251.

**V.**

Applying the principles of Litton and South Central, we conclude that the parties' dispute did not arise under their 2001-2002 independent sales representative agreement. It arose on the date Zucker was terminated, April 15, 2004, and it did not involve facts and occurrences that arose while the written agreement was in effect.  The dispute between Zucker and After Six also does not involve any rights arguably created by the independent sales representative agreement.  Therefore, Zucker may not be compelled to arbitrate the dispute because he did not agree to submit it to arbitration.

**VI.**

For the reasons above, we **AFFIRM** the district court's order denying After Six's motion to stay the proceedings pending arbitration.