NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0313n.06

No. 12-1008

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
***Mar 28, 2013***
DEBORAH S. HUNT, Clerk

DENTAL ASSOCIATES, P.C., d/b/a
REDWOOD DENTAL GROUP

      Plaintiff-Appellee,

v.

AMERICAN DENTAL PARTNERS OF
MICHIGAN, LLC and AMERICAN DENTAL
PARTNERS, INC.

      Defendants-Appellants.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      CLAY, COOK, and ROTH,* Circuit Judges.

      JANE R. ROTH, Circuit Judge.

      American Dental Partners of Michigan, LLC, (ADPM) and American Dental Partners, Inc.,

(ADPI) (collectively, ADP) appeal the district court's denial of their motion to dismiss and compel

arbitration. For the following reasons, we will affirm the district court's order.

I. BACKGROUND

      Dental Associates P.C. (Associates) is a professional corporation owned by a number of

dentists who are licensed to practice dentistry in Michigan. Associates employs approximately

twenty dentists in the Detroit metropolitan area. ADPI provides assets, personnel, and non-clinical

_____

* The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the
Third Circuit, sitting by designation.

services to dentists throughout the United States. On May 1, 2003, ADPI's wholly-owned subsidiary, ADPM, entered into the following agreements with Associates: (1) an Asset Purchase Agreement (APA) through which ADPI purchased a large portion of the assets used in the operation of Associates' dental practices, and (2) a Service Agreement under which ADPM provided administrative and other non-clinical services to Associates. As required under the Service Agreement, Associates also entered into Employment Agreements with Drs. Bouchillon, Woehrlen, and Yoffee, dentists employed by Associates. ADPM and ADPI are not parties to the Employment Agreements but are referred to as third-party beneficiaries.

The APA and Employment Agreements both contain arbitration clauses in their "Remedies" sections requiring that "all disagreements and controversies arising with respect to this Agreement . . . be settled by binding arbitration." The Service Agreement, however, does not contain a similar arbitration clause in its "Remedies" section; rather, the Service Agreement mentions arbitration only with respect to the negotiation of a new compensation arrangement should "regulatory matters" require changes to the existing compensation arrangement.

The APA and the Service Agreement both contain the following integration clause that incorporates the other agreements by reference: "[t]his document (including its exhibits and all other documents referred to herein, all of which are incorporated herein by reference) contains the entire agreement . . .." The Employment Agreements do not incorporate the other agreements by reference. Rather, each Employment Agreement explicitly states: "[t]his Agreement contains the entire agreement between the parties and supersedes all other agreements and understandings between the Parties with respect to the subject matter of the Agreement."

Associates brought this action against ADP alleging claims of breach of fiduciary duty, breach of contract, tortious interference with contract and/or prospective economic advantage, and unjust enrichment. ADP filed a motion to dismiss and compel arbitration, arguing that the dispute should be arbitrated under the arbitration clauses of the APA and Employment Agreements. The district court denied the motion on December 9, 2011, finding that the parties' dispute could be resolved without reference to the APA or the Employment Agreements and therefore was not subject to arbitration. ADP appealed.

## II. DISCUSSION[1]

We review a district court's denial of a motion to dismiss and compel arbitration *de novo*. *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 501–02 (6th Cir. 2007).

Under the Federal Arbitration Act, arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Mazera v. Varsity Ford Mgmt. Servs.*, 565 F.3d 997, 1001 (6th Cir. 2009) (recognizing a "strong policy preference in favor of arbitration").

However, "a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, --- U.S. —, 130 S. Ct. 2847, 2856 (2010). Specifically, a court must find that "a valid

---

[1] The district court had subject matter jurisdiction over this action under 28 U.S.C. § 1332, and we have appellate jurisdiction under 9 U.S.C. § 16(a).

agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008) (citations and internal quotation marks omitted). A dispute falls outside the scope of an agreement if the "action could be maintained without reference to the contract or relationship at issue." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). Where there are multiple contracts between the parties, "this court has adopted a more narrow test of arbitrability, examining which agreement determines the scope of the contested obligations" and has "rejected the view that a dispute is arbitrable merely because it touches on matters covered by the arbitration clause." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007) (citations and internal quotation marks omitted).

Here, the district court correctly held that the dispute is not arbitrable. On appeal, ADP argues that the district court erred in denying its motion to dismiss and compel arbitration because the claims are arbitrable pursuant to the APA and the Employment Agreements. We will affirm the district court's order because (1) the claims arise under the Service Agreement and thus are not arbitrable pursuant to the APA or the Employment Agreements and (2) the parties did not intend to arbitrate disputes arising under the Service Agreement.

A. Claims Arise Under the Service Agreement

The critical inquiry in determining whether a dispute falls under an arbitration clause is whether the action can be maintained without reference to the agreement containing the arbitration clause. *Fazio*, 340 F.3d at 395. Where there are multiple contracts between the parties, a dispute is arbitrable pursuant to the arbitration clause in a related contract if "the arbitration clause is part of the umbrella agreement governing the parties' overall relationship." *Nestle Waters*, 505 F.3d at

506; *see also Panepucci v. Honigman Miller Schwartz & Cohn LLP*, 281 F. App'x 482, 488 (6th Cir. 2008) ("We have held that an arbitration clause in a master or 'umbrella' agreement that creates an ongoing relationship encompasses a dispute over the terms of a later contract that was entered into as part of the relationship, even if the later contract itself lacks an arbitration clause.") (citation omitted). However, even in cases involving umbrella agreements, the key question is still whether the action can be maintained without reference to the agreement containing the arbitration clause. *See Nestle Waters*, 505 F.3d at 505 (citing *Fazio*, 340 F.3d at 395).

ADP argues that the APA is an umbrella agreement governing the parties' relationship and thus that the dispute is arbitrable pursuant to the APA. To support this argument, ADP asserts that the APA created the relationship between the parties and that the APA incorporates the Service Agreement and Employment Agreements by reference. We agree with the district court that the APA is not an umbrella agreement. The APA did not create the relationship between the parties; rather, the APA only governs the one-time purchase and transfer of assets, and the Service Agreement defines the ongoing business relationship between the parties. Additionally, the fact that the APA incorporates the Service Agreement and Employment Agreements by reference is not dispositive because the Service Agreement also incorporates the APA and Employment Agreements by reference. Based on this evidence, we conclude that the APA is not an umbrella agreement.

Moreover, this dispute can be maintained without reference to the APA. Associates' claim of breach of fiduciary duty arises under the Service Agreement: the Service Agreement created the fiduciary duty by making ADPM an agent and granting ADPM power of attorney to act as Associates' attorney-in-fact regarding Associates' finances. Associates' breach of contract claim

also relates solely to the breach of the Service Agreement. Furthermore, the Service Agreement contains its own section of definitions and can be interpreted without reference to the APA.

ADP, however, points to three portions of the complaint that it believes require reference to the APA. They do not. The first appears in the factual background section and does not relate to Associates' grounds for relief. The other two instances concern Associates' request for the court to oversee the transition process upon the termination of the Service Agreement and its request for a constructive trust and accounting. ADP argues that the district court would have to refer to the APA in overseeing the transition process and ordering an accounting. However, what is at issue here is the termination of and an accounting under the Service Agreement, not the APA. For these reasons, under the *Fazio* standard, this dispute is outside the scope of the APA and its arbitration clause.

This dispute also can be maintained without reference to the Employment Agreements and thus is not arbitrable under the arbitration clauses in those agreements. The only mention of the Employment Agreements in the complaint is in paragraph 45 of the factual background section, which states: "[d]efendants . . . have indicated an intent that, regardless of whether [Associates] enforces the non-competes, ADP of Michigan can enforce the non-competes and thereby control the practice of dentistry in violation of law and public policy." This section of the complaint does not relate to any of Associates' grounds for relief; rather, the counts set forth in the complaint are based solely on the Service Agreement. Thus, as the district court correctly found, the dispute at issue here can be resolved without reference to the Employment Agreements.

For these reasons, we conclude that the dispute arises under the Service Agreement and is not arbitrable pursuant to the APA or the Employment Agreements.

B. Intent of the Parties

Additionally, we find that the parties did not intend to arbitrate disputes concerning the Service Agreement. "Arbitration is strictly a matter of consent, . . . and thus is a way to resolve those disputes—*but only those disputes*—that the parties have agreed to submit to arbitration." *Granite Rock*, 130 S. Ct. at 2857; *see also Simon v. Pfizer, Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) ("[N]o matter how strong the federal policy favors arbitration, arbitration is a matter of consent between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.") (citation and internal quotation marks omitted).

Here, the Service Agreement, unlike the APA and Employment Agreements, does not contain a broad arbitration clause in its "Remedies" section; rather, the Service Agreement contemplates arbitration only of disputes regarding the narrow issue of a new compensation arrangement in the event of certain regulatory changes. If the parties intended to arbitrate all disputes arising out of the Service Agreement, they could have easily included the same broad arbitration provision in that agreement. *See Alticor, Inc. v. National Union Fire Ins. Co.*, 411 F.3d 669, 672 (6th Cir. 2005) (holding that a dispute arising out of an insurance policy was not covered by the arbitration provision in the parties' separate premium payment agreement because if the party "had intended to subject this dispute to the arbitration provision, it could easily, clearly and unequivocally have done so, either by including an arbitration provision in the insurance policy itself, or by adding to the above arbitration provision . . .."). Although we rejected a similar argument in *Nestle Waters*, where we found that a dispute arising out of a deed was covered under the arbitration clause in the parties' Purchase and Sale Agreement, which required execution of the

deed and other contracts, that case is distinguishable because a deed does not usually contain an arbitration clause. 505 F.3d at 506–07. As the district court rightly held in this case, "[i]t cannot be said that a Service Agreement is of the type that would not typically contain an arbitration clause." *Dental Assocs., P.C. v. Am. Dental Partners of Mich., LLC*, No. 11-cv-11624, 2011 WL 6122779, at *4 (E.D. Mich. Dec. 9, 2011).

Moreover, the inclusion of a termination provision requiring final judicial resolution of specific disputes, including whether ADPM has breached its fiduciary duty, in the Service Agreement further indicates that the parties did not intend to arbitrate all disputes arising out of that agreement.[2] Likewise, the express limitation in the arbitration provisions in the APA and the Employment Agreements to "disagreements and controversies arising with respect to this Agreement" demonstrates that the parties intended these provisions to apply to the agreements in which they appear and not the Service Agreement. Based on this evidence, we hold that the parties did not intend to arbitrate disputes under the Service Agreement. Thus the dispute is not arbitrable.

III. CONCLUSION

---

[2] ADP asserts that this provision does not indicate an intent not to arbitrate disputes under the Service Agreement because a court makes a "final determination" when it affirms an arbitration award. ADP cites to a similar case between ADP and another dentistry practice in which the district court held that a judicial confirmation of an arbitrator's determination gave effect to a nearly identical termination provision for support. *Elias, Elliott, Lampasi, Fehn, Harris & Nguyen, a Dental Practice, Inc. v. American Dental Partners of Cal.*, No. EDCV 11-1565-JST(ex), Slip Op. at 7 (C.D. Cal. Nov. 28, 2011). The service agreement at issue in that case, however, contained an arbitration clause like that in the instant APA and Employment Agreements. Thus, the court in *Elias* held that "the reading that gives effect to both the Arbitration Clause and the Termination Provision is that the Termination Provision contemplates a judicial confirmation of an arbitrator's determination that ADP of California breached its fiduciary duty to the Dental Practice." *Id.* Here, there is no competing arbitration provision in the Service Agreement. Thus, this termination provision, in the absence of such an arbitration provision, does constitute further proof that the parties contemplated judicial resolution of claims under the Service Agreement.

For the foregoing reasons, we will affirm the district court's order.