**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0568n.06

**No. 12-4222**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHRISTOPHER LOWRY, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | ***Jun 11, 2013*** |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JPMORGAN CHASE BANK, N.A., | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before:  MARTIN and COOK, Circuit Judges; GRAHAM, District Judge.[*]

**BOYCE F. MARTIN, JR., Circuit Judge.**  This case presents a very narrow issue on appeal—whether the district court erred in compelling the arbitration of Christopher Lowry's class-action claims against JPMorgan Chase Bank.  Lowry's suit against Chase arises out of a loan agreement between him and Chase.  Lowry raised both individual and class claims, and the district court compelled the arbitration of all claims.  On appeal, Chase argues that the district court should have dismissed the class claims instead of sending them to arbitration.  For the reasons that follow, we AFFIRM the district court.

I.

On August 1, 2011, Lowry entered into a Loan Agreement with Chase for the purchase of a car.  The Loan Agreement contained an Arbitration Agreement that stated: "IF EITHER OF US

_____

[*] The Honorable James L. Graham, United States District Court Judge for the Southern District of Ohio, sitting by designation.

CHOOSES, ANY CLAIM OR DISPUTE BETWEEN US . . . WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL." The Arbitration Agreement also included the following class-action waiver:

> IF EITHER OF US CHOOSES TO ARBITRATE, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS OR OTHER REPRESENTATIVE ON BEHALF OF OTHER PERSONS OR AS A CLASS MEMBER OR OTHER REPRESENTED PERSON ON ANY CLASS CLAIM OR OTHER REPRESENTATIVE TYPE OF CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS OR OTHER REPRESENTATIVE ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

The Arbitration Agreement provided that it would be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16.

Lowry sued Chase on behalf of himself and a putative class, claiming that Chase violated Section 2 of the Clayton Act, 15 U.S.C. § 13(c), as well as an Ohio statute, and committed a breach of agency by assessing improper fees, charging an inflated interest rate, and receiving illegal kickbacks. Chase filed a combined motion to compel arbitration, dismiss with prejudice Lowry's class allegations prior to submitting them to arbitration, and dismiss or, alternatively, stay the case. After determining that the Arbitration Agreement was valid, the district court granted the motion to compel but denied the motion to dismiss the class claims, submitting all of the claims to arbitration. After submitting all claims to arbitration, the district court granted Chase's motion to dismiss the case. Chase appealed the district court's decision to compel the arbitration of Lowry's class-action claims.

II.

This Court reviews de novo a district court's conclusions of law regarding whether to compel arbitration pursuant to the Federal Arbitration Act. *Answers in Genesis of Ky., Inc. v. Creation Ministries, Int'l, Ltd.*, 556 F.3d 459, 469 (6th Cir. 2009) (quoting *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008) (quotation marks omitted)).

Chase argues that Lowry's class claims are not arbitrable because of the Arbitration Agreement's waiver of class claims, and that therefore the district court should have dismissed the class claims instead of submitting them to arbitration.

Following the direction of the Supreme Court, the Sixth Circuit has held that courts should determine whether an arbitrator has jurisdiction over the merits of a dispute unless the parties have clearly and unmistakably agreed that an arbitrator is to resolve issues of arbitrability. *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 477 (6th Cir. 2006) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 941, 945 (1995) (quotation marks omitted)). The reason for this rule is that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

The Arbitration Agreement provided that "any claim or dispute" between Lowry and Chase will be arbitrated, and it defined "any claim or dispute" as:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause, *and the arbitrability of the claim or dispute*),

> between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, this [Loan Agreement] or any resulting transaction or relationship (including any such relationship with third parties who do not sign this [Loan Agreement]) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(emphasis added). In submitting Lowry's class claims to arbitration, the district court found that the Arbitration Agreement explicitly mandated that the parties submit the question of a claim's arbitrability to arbitration. Chase ignores this provision of the Agreement and argues that the class-action waiver was unambiguous. Although the Agreement contains an unambiguous class-action waiver, the provision requiring an arbitrator to resolve disputes about the arbitrability of claims does not exclude class claims. Lowry and Chase clearly and unmistakably agreed to submit any disputes concerning the arbitrability of all claims, including class claims, to arbitration. The district court must direct that arbitration proceed "in the manner provided for" by the Arbitration Agreement, 9 U.S.C. § 4, and it did not err when it submitted the dispute regarding the arbitrability of Lowry's class claims to arbitration.

We AFFIRM the district court judgment.